# IN THE COURT OF APPEALS OF IOWA

No. 24-0973
Filed September 17, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DARION SHAWN HERMES,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.

A defendant challenges the mandatory minimum sentence the district court imposed following his conviction for first-degree robbery.  **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.

Considered without oral argument by Tabor, C.J., and Ahlers and Langholz, JJ.

**AHLERS, Judge.**

Law enforcement identified Darion Hermes as one of the perpetrators of a robbery that resulted in a fatal shooting. As a result, the State charged Hermes with first-degree murder, first-degree robbery, and felon in possession of a firearm.

The parties reached a plea agreement. Pursuant to that agreement, Hermes pleaded guilty to voluntary manslaughter and first-degree robbery. At the sentencing hearing, the parties jointly recommended Hermes be sentenced to consecutive sentences in accordance with the terms of the plea agreement. But each argued for a different mandatory minimum on the robbery charge—the prosecutor advocated for a seventy percent mandatory minimum while Hermes sought a fifty percent mandatory minimum. The district court imposed consecutive sentences and a seventy percent mandatory minimum on the robbery charge.

Hermes appeals, challenging only the court's decision to impose a seventy percent mandatory minimum for the robbery conviction. Because he challenges a discretionary sentence that was not agreed to in the plea agreement, Hermes has good cause to appeal despite his guilty plea. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). As the sentence imposed is within statutory limits, we review for an abuse of discretion. *State v. Majors*, 940 N.W.2d 372, 385 (Iowa 2020).

Hermes is statutorily required to serve "between one-half and seven-tenths" of his twenty-five-year sentence on the first-degree robbery charge before he becomes eligible for parole or work release. *See* Iowa Code §§ 711.2 (2022) (categorizing first-degree robbery as a class "B" felony); 902.9(1)(b) (setting twenty-five years as the maximum sentence for a class "B" felony); 902.12(3) (requiring a person to serve fifty to seventy percent of the maximum sentence for

first-degree robbery before becoming eligible for parole or work release). Hermes contends the district court abused its discretion when it imposed a seventy percent mandatory minimum and he should only be subject to a fifty percent mandatory minimum.

In deciding on the minimum sentence for first-degree robbery, the court is required to consider "all pertinent information including the person's criminal record, a validated risk assessment, and the negative impact the offense has had on the victim or other persons." *Id.* § 901.11(3). Hermes contends the court failed to do this and relied solely on the nature of the crime when determining the mandatory minimum. In support of this contention, he points to these observations by the court:

> With regard to count II, robbery in the first degree, there is a minimum sentence this court must apply. The court has options between. . . fifty percent up to seventy percent. You have asked for fifty percent; the State has asked for seventy.
> Considering all that has been given to you as far as trying to rehabilitate you, and you—now your actions have led to the death of [the victim], I find that the appropriate sentence is seventy percent minimum. I think that will protect the community and hopefully lead to your rehabilitation.

Hermes is correct that the court cannot rely on a single factor in reaching a sentencing decision. *See State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982) (concluding the district court abused its discretion when it relied only on the nature of the offense to reach a sentencing decision). But emphasizing a particular factor is not an abuse of discretion if the court also considers other pertinent sentencing factors. *State v. Leckington*, 713 N.W.2d 208, 216–17 (Iowa 2006).

We question whether the above passage relied upon by Hermes shows that the court relied *only* on the nature of the offense. Regardless, that passage is only

a snippet of the court's statement of reasons for the sentence. Here is what the court said in full:

> Reading through the pre-sentence investigation report, Mr. Hermes, it certainly is clear you had a difficult childhood, and the court finds that a mitigating factor.
>
> It's also clear that you were given a significant quantity and quality of juvenile services to get you on the right path. But even after four years of services, you continued down the path of destruction.
>
> In 2019, your offenses became worse and worse. You were convicted of interference with official acts, possession of controlled substance, eluding, carrying weapons, and a possession of firearm by a felon.
>
> This court is particularly concerned that it appears your offenses were escalating.
>
> By the time you were sentenced on your carrying weapons charge, the court put you on probation. Shortly thereafter, you were convicted of possessing a firearm by a felon. You were held in contempt, put back on probation; and then your probation was revoked, and you were sent to prison.
>
> You ended up discharging your sentence from prison on June 22, 2022. [The victim] was killed July 31, 2022, a month later, and that doesn't even include the offenses you committed in between—during those in-between times of theft, driving while barred, and eluding again.
>
> You are a young man, but you've been given so many opportunities to set your life straight, and yet here we are. Not only did your offenses escalate, your actions led to the killing of [the victim], who was a human being. He's obviously desperately missed by his family. He mattered, just like everybody else. His life mattered.
>
> Your life matters, and I'm not sure why you have not taken advantage or taken a deep dive into your own self of why you continue down this path, why you do not—why you chose to go down this path.
>
> But here we are.
>
> This court has to look at essentially two factors in crafting your sentence: A maximum opportunity for your rehabilitation and to protect the community from further offenses. Both are important.
>
> You were given, it appears, a lot of services through the juvenile court that had no impact. You were given probation services that appeared to have very little impact. You went to prison, yet you don't have your high school diploma. You haven't—you were actively using drugs once you got out of prison. Nothing has

changed. If anything, things got significantly worse, which has now led to a tragic event, the loss of [the victim].

Your attorney said something which I think is true[.] You hold the key to your future. Which is true, but you've always had the key to your future. You're going to have to make that decision of which way you go.

Courts have given you every opportunity to change things, and it hasn't made any difference at this point. If anything, things are worse.

I think you need the maximum time for rehabilitation, and I think—I definitely think we need to protect the community from you, because after all of these services that were provided to you, you commit the offense of voluntary manslaughter and robbery in the first degree, two of our most serious offenses.

So I am adjudging you guilty of the crime of voluntary manslaughter and sentencing you to a period of incarceration not to exceed ten years.

I'm adjudging you guilty of the crime of robbery in the first degree and sentencing you to a period of incarceration not to exceed twenty-five years. You will receive credit against those terms for any time you've served.

With regard to count II, robbery in the first degree, there is a minimum sentence this court must apply. The court has options between. . . fifty percent up to seventy percent. You have asked for fifty percent; the State has asked for seventy.

Considering all that has been given to you as far as trying to rehabilitate you, and you—now your actions have led to the death of [the victim], I find that the appropriate sentence is seventy percent minimum. I think that will protect the community and hopefully lead to your rehabilitation.

Viewed in its entirety, the court's statement of reasons for selecting the seventy-percent minimum makes it clear that it considered more than just the nature of the offense. The court considered multiple factors and gave thoughtful consideration before determining the sentence. We find no abuse of discretion in that determination, so we affirm.

**AFFIRMED.**